## MILLER v. ELLIOTT et al.

No. 21932. Opinion Filed Feb. 23, 1932.

Sam Neeley and J. P. Evers, for plaintiff in error.

George W. Boone and John F. Kerrigan, for defendants in error.

PER CURIAM. In an action by John Elliott against Keystone Gasoline Company, a corporation, in the court of common pleas, Tulsa county, J. S. Shaver was appointed receiver of the defendant's property involved in the litigation, and H. W. Miller filed an interplea claiming ownership to said property. Upon hearing had on the interplea, judgment was rendered against the interpleader and decreeing Keystone Gasoline Company to be the owner of said property and the right of possession in J. S. Shaver, receiver. Motion for new trial was filed and overruled, and in due time, H. W. Miller, interpleader, perfected his appeal to this court by filing petition in error with case-made on November 24, 1930.

Plaintiff in error, on February 3, 1931, in compliance with the rules and orders of this court, filed brief herein. Defendants in error have wholly failed to file answer brief or any other character of pleading in said cause on appeal; neither have they offered any excuse for their failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any

excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause with directions, in accordance with the prayer of the petition in error. City National Bank v. Coatney, 122 Okla. 233, 253 P. 481.

Plaintiff in error complains of the action of the trial court in refusing to permit the introduction of competent, relevant, and material testimony; and in permitting the defendants in error to introduce incompetent, irrelevant, and prejudicial testimony; to which actions of the court objections and exceptions were duly entered.

We have examined the brief of plaintiff in error, and the authorities cited therein reasonably support the assignments of error, and under the oft-repeated holdings of this court, plaintiff in error is entitled to have this cause reversed and remanded for new trial, as prayed for in the petition in error. The cause is reversed, and the case remanded to the lower court, with directions to set aside its former judgment and grant plaintiff in error a new trial.

Note.—See under (1) 2 R. C. L. 176; R. C. L. Perm. Supp. p. 360.