## CONTINENTAL OIL CO. v. McSPADDEN et al.

No. 22413.   Opinion Filed Nov. 29, 1932.

William H. Zwick, Robert R. Pruet, and Bruce L. Keenan, for plaintiff in error.

Vance & Bliss and Miller & Miller, for defendants in error.

PER CURIAM. Action was commenced in the district court of Cherokee county by James A. McSpadden, as plaintiff, against S. A. Cummins, Asa Manson, and Continental Oil Company, a corporation, as defendants, wherein it was alleged, in substance, that a certain promissory note was executed and delivered by S. A. Cummins, Asa Manson, and the plaintiff to the Continental Oil Company; that said note constituted part of the purchase price of a filling station purchased by S. A. Cummins from Asa Manson; that the indebtedness evidenced thereby was the indebtedness of the defendant Cummins, and that plaintiff and defendant Manson signed said note only as surety; that the Continental Oil Company, payee, is attempting to hold the plaintiff personally responsible for said indebtedness, and failed and refused to take necessary steps to enforce the collection of said note against the principal, although demand for such action had been made by the plaintiff; that said defendant seeks to hold plaintiff responsible on an agreement with said company as agent, and by reason of plaintiff having signed said note; and further alleges sale of property by the defendant Cummins in violation of the Bulk Sales Law. The petition prays for judgment against defendants S. A. Cummins and Asa Manson for the amount of the balance due on the note to the Continental Oil Company, and that all money paid in satisfaction thereof be applied on said note. The Continental Oil Company filed answer and cross-petition, admitting the execution and delivery of the note by the plaintiff and its codefendants, and attaching copy of same. The cross-petition sets out the note and prays judgment against plaintiff and codefendants for the balance due and unpaid; and for a second cause of action sets up a $500 note executed and delivered by its codefendants Cummins and Manson, and prays judgment for the amount of principal and interest due thereon. The defendant Cummins filed answer and cross-petition, admitting the execution of the notes, but setting up certain verbal contract and agreement by and with the Continental Oil Company, and the plaintiff, as its agent, and that by reason of a breach of same he was released from the payment of said notes; and for further cross-action

pleaded damages against the Continental Oil Company in the sum of $500. The separate answer of the defendant Manson admits the execution of the notes set out in the cross-petition of the Continental Oil Company, denies that he is primarily liable, and sets up a state of facts similar to that pleaded by his codefendants as constituting a release from said obligations, and prays that the Continental Oil Company take nothing, and its cross-petition be dismissed, and for costs. No response or reply was filed by plaintiff. The Continental Oil Company, filed its reply to the pleadings filed by codefendants, denying the new matter. At the beginning of the trial, on December 6, 1930, defendant Continental Oil Company interposed oral motions for judgment on the pleadings against the plaintiff and codefendants, which motions were overruled and exceptions saved. Another motion to strike the cross-petition of the codefendant Cummins for the reason that it constitutes an action in tort and cannot be pleaded as a set-off in an action on contract, was interposed by the Continental Oil Company, overruled, and exceptions saved; and thereupon the cause proceeded to trial before a jury.

The cross-petitioner, Continental Oil Company, introduced in evidence the notes sued on, without objection, and rested. At the close of the evidence offered by codefendants, Cummins and Manson, in support of their answers and cross-petition, separate demurrers to the evidence were interposed by the Continental Oil Company, overruled, and exceptions saved; also, motion for judgment against the plaintiff and codefendants was overruled and exceptions noted. After rebuttal and sur-rebuttal testimony was introduced, requests for instructed verdict in favor of cross-petitioner, Continental Oil Company, and against the plaintiff and codefendants, were refused and exceptions noted. Other requested instructions Nos. 3 to 11, inclusive, were refused and exceptions allowed. Instructions Nos. 1 to 9, inclusive, were given by the court over the objection of the Continental Oil Company.

The jury returned a verdict in favor of the plaintiff and codefendants, Cummins and Manson, for the cancellation of notes; and for damages in the sum of $500, in favor of S. A. Cummins and against the defendant Continental Oil Company. Motions for judgment non obstante veredicto and for new trial were filed in due time, and on December 17, 1930, order was entered overruling said motions, and judgment rendered on the verdict. From said judgment the Continental Oil Company perfected its appeal by filing petition in error and case-made in this court on June 4, 1931.

Plaintiff in error in due time served and filed brief in compliance with the rules and order of this court, but the defendants in error have wholly failed to file answer brief, pleading, or any other instrument in said cause on appeal, neither have they offered any excuse for their failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error, or reverse the cause for new trial." Miller v. Elliott, 155 Okla. 175, 8 P. (2d) 757; City National Bank v. Coatney, 122 Okla. 233, 253 P. 481.

Plaintiff in error complains of the action of the trial court in overruling the motion for new trial; and in the petition sets out each and all of the alleged errors contained in said motion for new trial, and specifically urges error of the trial court in overruling the demurrer to the evidence, and the motion for judgment, and refusing the request for directed verdict, and prays that the judgment rendered in the trial court be reversed, set aside, and held for naught, and that judgment be rendered in favor of plaintiff in error and against the defendants in error.

We have examined the brief of the plaintiff in error, the statement of case and evidence quoted, and the assignments of error presented, and find upon examination of the authorities cited in the brief, they reasonably support the contentions of the plaintiff in error, and, under the oft-repeated holdings of this court, plaintiff in error is entitled to judgment reversing the lower court and directing that it vacate and set aside the jury verdict and enter judgment for the plaintiff in error and against the defendants in error, as prayed for in the petition in error; and it is so ordered.